**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (SBN 169077)
amortimer@HuntonAK.com
Jason J. Kim (SBN 221476)
kimj@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
NAVY FEDERAL CREDIT UNION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELISSA RONQUILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION<br><br>Defendant. | CASE NO.: 18-CV-2145-BEN-MDD<br><br>**DEFENDANT NAVY FEDERAL CREDIT UNION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND STRIKE CLASS ALLEGATIONS**<br><br>*[Notice of Motion and Motion to Dismiss filed concurrently herewith]*<br><br>Date: December 17, 2018<br>Time: 10:30 a.m.<br>Crtm.: 5A<br><br>Complaint Filed: September 14, 2018 |

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................1

II. FACTS ....................................................................................................2

III. PLAINTIFF'S PLEADING BURDEN ON A MOTION TO DISMISS ........3

IV. PLAINTIFF'S SOLE CAUSE OF ACTION UNDER THE CCRAA FAILS AS A MATTER OF LAW ...............................................................4

    A. Plaintiff Has Not And Cannot Plead An Inaccuracy Based On The Alleged Failure To Comply With "Metro 2" Standards.......................4

    B. Plaintiff Has Not And Cannot Plead Damages—A Requisite Element Of Her CCRAA Claim ............................................................5

    C. Plaintiff Has Not And Cannot Plead Facts Justifying Statutory Punitive Damages ...............................................................................6

V. PLAINTIFF'S CLASS ACTION ALLEGATIONS SHOULD BE STRICKEN .............................................................................................7

    A. The Legal Standard For A Motion To Strike Class Allegations ..........7

    B. Plaintiff's Class Allegations Fail And Cannot Be Cured ....................9

VI. CONCLUSION .....................................................................................11

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
 355 F.3d 1179 (9th Cir. 2004)................................................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).................................................................................3, 5

*Basconcello v. Experian Info. Sols., Inc.*,
 2017 WL 1046969 (N.D. Cal. Mar. 20, 2017)............................................*passim*

*Bates v. Bankers Life & Cas. Co.*,
 848 F.3d 1236 (9th Cir. 2017).................................................................................9

*Bd. of Educ. of Twp. High Sch. v. Climatemp, Inc.*,
 1981 WL 2033 (N.D. Ill. Feb. 20, 1981) ................................................................8

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)................................................................................................3

*Duarte v. J.P. Morgan Chase Bank*,
 2014 WL 12561052 (C.D. Cal. Apr. 7, 2014) ..................................... 2, 6, 9, 10

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
 751 F.3d 990 (9th Cir. 2014)..................................................................................5

*General Tel. Co. of S.W. v. Falcon*,
 457 U.S. 147 (1982).................................................................................................9

*Jackson v. Motel 6 Multipurpose, Inc.*,
 130 F.3d 999 (11th Cir. 1997)................................................................................8

*Jugoz v. Experian Info. Sols., Inc.*,
 2017 WL 2720184 (N.D. Cal. June 23, 2017) ........................................ 2, 4, 6, 7

*Kamm v. Cal. City Dev. Co.*,
 509 F.2d 205 (9th Cir. 1975)..................................................................................9

*Kay v. Wells Fargo & Co. N.A.*,
 2007 WL 2141292 (N.D. Cal. July 24, 2007)......................................................9

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*McPeak v. S-L Distrib. Co.*,
  2014 WL 4388562 (D.N.J. Sept. 5, 2014) ................................................................. 8

*Mensah v. Experian Info. Sols., Inc.*,
  2017 WL 1246892 (N.D. Cal. Apr. 5, 2017) ............................................................. 5

*Mladenov v. Wegmans Food Mkts., Inc.*,
  124 F. Supp. 3d 360, 368 (D.N.J. 2015) .................................................................. 8

*Olsen v. Experian Info. Sols., Inc.*,
  2017 WL 1046962 (N.D. Cal. Mar. 20, 2017) ....................................................... 10

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ..................................................................... 8

*Stubbs v. McDonald's Corp.*,
  224 F.R.D. 668 (D. Kan. Nov. 12, 2004) ................................................................ 8

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ................................................................... 8

*Trujillo v. First Am. Registry, Inc.*,
  157 Cal. App. 4th 628 (2007) .................................................................................. 6

*Walls ex rel. Herself v. Wells Fargo Bank, N.A. (In re Walls)*,
  262 B.R. 519 (Bankr. E.D. Cal. 2001) ............................................................... 8, 10

*Woodard v. FedEx Freight E., Inc.*,
  250 F.R.D. 178 (M.D. Pa. 2008) ............................................................................. 7

*Young v. Harbor Mortor Works, Inc.*,
  2009 WL 187793 (N.D. Ind. Jan. 27, 2009) ..................................................... 6, 10

**Statutes**

Cal. Civ. Code § 1785.31 ............................................................................................ 5, 6

**Rules**

Fed. R. Civ. Proc. 12 ....................................................................................................... 8

Fed. R. Civ. Proc. 23 ................................................................................................... 8, 9

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has sued Navy Federal Credit Union under the California Consumer Credit Reporting Agencies Act ("CCRAA")—California's version of the Fair Credit Reporting Act ("FCRA")—based on an alleged "inaccuracy" in the reporting of her debt. Plaintiff admits Navy Federal accurately "report[ed] to the Credit Bureaus that [her] account was paid in full, has a zero balance, and is closed." Compl. ¶ 23. Notwithstanding that admission, Plaintiff claims she suffered damages because potential creditors must have believed she still had continuing monthly payment obligations on that "paid in full," "zero balance," and "closed" account—simply because Navy Federal "continues to report a $114.00 monthly payment." *Id.* ¶ 24. Not only must potential creditors have believed this obligation existed, but they must have denied her credit she would have obtained but for this obligation. Plaintiff's claim stretches the bounds of plausibility, and it should be dismissed.

No "reasonable potential creditor would find the reporting 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Basconcello v. Experian Info. Sols., Inc.*, 2017 WL 1046969, at *7 (N.D. Cal. Mar. 20, 2017) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). And that is made plain by Plaintiff's complete failure to allege actual damages. No one denied Plaintiff credit. No one lowered Plaintiff's credit limits. And no one imposed higher interest rates on Plaintiff. Quite simply, Plaintiff pleads no adverse credit decisions were made as a result of Navy Federal's reporting of her debt. So it comes as no surprise that Plaintiff's CCRAA complaint is subject to dismissal for multiple, independent reasons:

*First*, as stated above, Plaintiff fails to allege an actionable "inaccuracy." She bases her "inaccuracy" claim on Navy Federal's alleged failure to comport with some non-specified portion of the "Metro 2 Guidelines." But courts consistently have held

1

MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

that "noncompliance with Metro 2 standards, standing alone, does not render a report inaccurate." *Jugoz v. Experian Info. Sols., Inc.*, 2017 WL 2720184, at *5 (N.D. Cal. June 23, 2017). Plaintiff's CCRAA claim fails on that basis alone.

*Second*, as stated above, Plaintiff fails to allege "actual damages," as the CCRAA expressly requires. And even if she had, Plaintiff does not come close to alleging the sort of willful conduct necessary to sustain an award of punitive damages.

*Third*, Plaintiff's inability to allege "actual damages" in her own right demonstrates precisely why she cannot bring her CCRAA claim on behalf of others. "Making such a showing of actual harm on behalf of every class member is not feasible in this case, as the impact of [Navy Federal's alleged] conduct necessarily varies depending on whether or not class members were denied credit opportunities, incurred higher interest rates, or suffered some other kind of harm as a result of [Navy Federal's alleged] reporting." *Duarte v. J.P. Morgan Chase Bank*, 2014 WL 12561052, at *3 (C.D. Cal. Apr. 7, 2014). In the unlikely event Plaintiff's claims are not dismissed, the Court should strike the class allegations.

## II. FACTS

Plaintiff claims she owed a debt to Navy Federal that she "resolved" before she filed this lawsuit. Compl. ¶¶ 21-22. Plaintiff admits Navy Federal has been and continues to "report[]to the Credit Bureaus that the account was paid in full, has a zero balance, and is closed." *Id.* ¶ 23. Notwithstanding that admission, Plaintiff alleges that Navy Federal "continues to report a $114.00 monthly payment." *Id.* ¶ 24. Plaintiff claims her monthly payment instead "should be reported as $0." *Id.* ¶ 25. Citing no portion of the "Metro 2 Guidelines" whatsoever, Plaintiff claims Navy Federal's reporting "fails to comply with the Metro 2 Guidelines." *Id.* ¶ 26.

According to Plaintiff, the "Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers formulate data to report to the credit bureaus, which ultimately leads to objective

2

MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

credit evaluations." Compl. ¶ 27. Of course, nothing in the CCRAA requires Navy Federal to comply with any "Metro 2 Guidelines" or the "Metro 2 system." And Plaintiff's complaint fails to allege otherwise.

But that is not the only material omission from Plaintiff's complaint. Notably absent are any allegations that Plaintiff suffered actual damages as a result of Navy Federal's alleged failure to comply with the "Metro 2 Guidelines." For example, Plaintiff does not allege loss of credit, lowered credit limits, or that she obtained higher interest rates. Rather, Plaintiff offers mere legal conclusions: "As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered actual damages due to Defendant's misrepresentations regarding Plaintiff's current payment obligations." Compl. ¶ 30. Plaintiff claims "Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness." *Id.* ¶ 34. But there are no facts supporting that conclusory recital.

### III. <u>PLAINTIFF'S PLEADING BURDEN ON A MOTION TO DISMISS</u>

To survive dismissal, Plaintiff must allege facts that demonstrate a "plausible" basis for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Indeed, the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly*, 550 U.S. at 556. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Factual allegations that establish no "more than a sheer possibility" of liability are not sufficient. *Id.* Indeed, mere "conclusory allegations of law and unwarranted

3

inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  Plaintiff's one and only claim under the CCRAA fails under those precepts.  It should be dismissed.

## IV. PLAINTIFF'S SOLE CAUSE OF ACTION UNDER THE CCRAA FAILS AS A MATTER OF LAW

Through her sole cause of action, Plaintiff claims Navy Federal violated Section 1785.25(a) of the California Civil Code, which, in turn, states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a); Compl. ¶ 28.

"[B]ecause the CCRAA is substantially based on the [federal Fair Credit Reporting Act ("FCRA")], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Jugoz*, 2017 WL 2720184, at *8 (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010)).  Applying settled jurisprudence under the CCRAA and FCRA, it is plain that Plaintiff has not and cannot plead facts sufficient to move forward on her sole cause of action under the CCRAA.

### A. Plaintiff Has Not And Cannot Plead An Inaccuracy Based On The Alleged Failure To Comply With "Metro 2" Standards

Plaintiff claims Navy Federal violated the CCRAA because it allegedly "fail[ed] to comply with the Metro 2 Guidelines." Compl. ¶ 26.  Plaintiff does not quote any portion of the Metro 2 Guidelines that purports to require Navy Federal to report her debt in the manner alleged.  But even if she did, the claim would fail.

As numerous courts have held, "noncompliance with Metro 2 standards, standing alone, does not render a report inaccurate." *Jugoz*, 2017 WL 2720184, at *5 (citing *Basconcello*, 2017 WL 1046969, at *7 (dismissing claims under CCRAA and FCRA because they do "not mandate compliance with Metro 2 or any other particular

4

set of industry standards")); *see also Mensah v. Experian Info. Sols., Inc.*, 2017 WL 1246892, at *8 (N.D. Cal. Apr. 5, 2017) (collecting cases and holding that "deviation from industry standards by itself is insufficient to allege inaccurate or misleading reporting").

"Rather, the test is whether a reasonable potential creditor would find the reporting 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Basconcello*, 2017 WL 1046969, at *7 (quoting *Gorman*, 584 F.3d at 1163). Stated differently, "noncompliance [with Metro 2 Guidelines] does not necessarily make reporting 'misleading' if a reasonable creditor is able to accurately interpret the reporting in context." *Basconcello*, 2017 WL 1046969, at *8.

The Ninth Circuit permits this Court "to draw on its judicial experience and common sense" when assessing the plausibility of Plaintiff's CCRAA claim. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 679). Applying common sense here, Plaintiff has no continuing obligation to make monthly payments on a debt that has been "paid in full," has a "zero balance," and is "closed." Compl. ¶ 23; *see also Basconcello*, 2017 WL 1046969, at *8 ("If the bankruptcy filing is noted on the credit report, and it is clear to a reasonable potential creditor that the balances reported are the original loan terms (not the balances as modified by the Chapter 13 plan), then there is nothing inherently misleading about the reporting."). Plaintiff's lone claim under the CCRAA should be dismissed because there is no actionable inaccuracy.

### B. Plaintiff Has Not And Cannot Plead Damages—A Requisite Element Of Her CCRAA Claim

Even if Plaintiff could plead a cognizable "inaccuracy," her CCRAA claim fails nonetheless. To state a claim under the CCRAA, Plaintiff must plead actual damages. Cal. Civ. Code § 1785.31(a) (statutory standing expressly limited to a "consumer who

5

suffers damages"); *see also Duarte*, 2014 WL 12561052, at *3 ("[A]ctual damage is properly construed as either 'an element of a CCRAA cause of action or a prerequisite to standing.'") (quoting *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 639 (2007)); *Jugoz*, 2017 WL 2720184, at *6 (dismissing CCRAA claim where plaintiff, among other things, had "not alleged any resulting harm"); *Basconcello*, 2017 WL 1046969, at *11 (dismissing CCRAA claim where, among other things, "complaint as pleaded does not sufficiently allege actual damages"). Here, Plaintiff does not even attempt to plead actual damages.

As stated above, Plaintiff offers conclusory recitals only. Plaintiff pleads no *facts* showing she "was denied credit, lost credit, had h[er] credit limits lowered, or was required to pay a higher interest rate for credit." *Young v. Harbor Mortor Works, Inc.*, 2009 WL 187793, at *5 (N.D. Ind. Jan. 27, 2009); *see also Jugoz*, 2017 WL 2720184, at *6 (citing *Young* and noting examples of actual damages include "lost credit," lowered "credit limits," imposition of "higher interest rate for credit"). Plaintiff's failure to plead any of those adverse credit decisions were made as a result of Navy Federal's allegedly "inaccurate" reporting dooms her CCRAA claim.

### C. **Plaintiff Has Not And Cannot Plead Facts Justifying Statutory Punitive Damages**

Plaintiff seeks an award of statutory punitive damages under Section 1785.31(a)(2)(B). Compl., Prayer for Relief. Of course, statutory punitive damages are allowed only where a plaintiff first demonstrates she suffered actual damages. *See* 1785.31(a) (only allowing claims by those who have suffered damages); *Duarte*, 2014 WL 12561052, at *3 ("[U]nder California law, actual damages are a prerequisite to recovering punitive damages (and injunctive relief) under the CCRAA.") (citing *Trujillo*, 157 Cal. App. 4th at 637-38).

Even if Plaintiff could prove actual damages, to obtain statutory punitive damages, Plaintiff must plead facts showing Navy Federal's violation of the CCRAA

6

was willful. To do this, however, Plaintiff "must allege, at a minimum, that [Navy Federal]'s reading of the [CCRAA] is objectively unreasonable." *Jugoz*, 2017 WL 2720184, at *7 (citation omitted). Plaintiff does not come remotely close to making that showing. Nor can she, "[g]iven the body of law … against plaintiff's primary theory of liability." *Basconcello*, 2017 WL 1046969, at *10. As the court in held in *Basconcello* when it dismissed a CCRAA claim that similarly alleged a failure to comply with "Metro 2 Guidelines":

> Plaintiff's willfulness allegations appear to derive from the noncompliance with Metro 2 standards. The ostensible argument is that statutory damages are available because defendants knew about the industry standards and intentionally chose not to follow them. However, the fact that defendants were aware of the industry standards does not mean that they were aware that compliance with industry standards was mandated by FCRA (indeed, it is not). Thus, *defendants could be knowledgeable about Metro 2 standards, but choose not follow them, which would not render their violations willful.*

*Id.* at *10 (emphasis added). As in *Basconcello*, Navy Federal's alleged failure to follow standards that are not mandated by the CCRAA does not render any alleged violations willful. Plaintiff's statutory punitive damages claim should be dismissed.

## V. PLAINTIFF'S CLASS ACTION ALLEGATIONS SHOULD BE STRICKEN

### A. The Legal Standard For A Motion To Strike Class Allegations

The Court is not required to wait for a plaintiff's class certification motion before evaluating class allegations. *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008) ("[A] district court will strike class action allegations without permitting discovery or waiting for a certification motion where the complaint and any affidavits clearly demonstrate that the plaintiff cannot meet the requirements

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

for a class action." (citation omitted)).[1] "Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 368 (D.N.J. 2015) ("The Court has the authority to strike class allegations at the pleading stage under Fed. R. Civ. P. 12(f) if the complaint demonstrates that a class action cannot be maintained." (citation omitted)). Courts should strike class allegations "[i]f, as a matter of law, a class cannot be certified in this adversary proceeding" because "it would be a waste of the parties' resources and judicial resources to conduct discovery on class certification"). *Walls ex rel. Herself v. Wells Fargo Bank, N.A. (In re Walls)*, 262 B.R. 519, 523 (Bankr. E.D. Cal. 2001); *McPeak v. S-L Distribution Co.*, 2014 WL 4388562, at *4 (D.N.J. Sept. 5, 2014) (motion to strike should be granted where the "inappropriateness of class treatment is evident from the face of the complaint and from incontrovertible facts").

On a motion to strike class allegations, the "burden of showing that each element of Rule 23 [is] met remains with the party seeking class treatment." *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. Nov. 12, 2004). A court may accept as true the substantive allegations in the complaint, but "should not 'blindly

---

[1] *See also*, *e.g.*, *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997) (concluding that Rule 23(b)(3)'s predominance requirement could not be satisfied, and that such failure was "readily apparent from a reading of the … complaint"); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.") (citation omitted); *Bd. of Educ. of Twp. High Sch. v. Climatemp, Inc.*, 1981 WL 2033, at *2 (N.D. Ill. Feb. 20, 1981) (granting motion to strike class allegations and noting that "motions to strike are a reflection of the court's inherent power to prune pleadings" and are a useful procedure for "bringing into focus issues the resolution of which govern[] the broader question of whether a class action is maintainable").

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

rely on conclusory allegations which parrot Rule 23 requirements [and] … may consider the legal and factual issues presented by [the] plaintiff's complaints.'" *Id.* (quoting *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999)).

### B. Plaintiff's Class Allegations Fail And Cannot Be Cured

A motion to strike is particularly apt here, where the "issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim[s]." *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975) (affirming order striking class allegations); *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1237-38 (9th Cir. 2017) (order striking class allegations has same practical effect as denial of motion to certify); *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, at *6 (N.D. Cal. July 24, 2007).

As demonstrated above, a plaintiff cannot recover under the CCRAA without proving actual harm. As other courts deciding class certification motions under the CCRAA have found, "[m]aking such a showing of actual harm on behalf of every class member is not feasible [where] the impact of [the defendant's] conduct necessarily varies depending on whether or not class members were denied credit opportunities, incurred higher interest rates, or suffered some other kind of harm as a result of [the defendant's] reporting." *Duarte*, 2014 WL 12561052, at *3 (denying motion to certify where "adjudicating each class member's entitlement to actual damages [would] require a highly individualized inquiry to resolve multiple factual issues") (citing *Schaffer v. Litton Loan Servicing, LP*, 2009 WL 9436302, at *8 (C.D. Cal. Jan. 20, 2009)).

This is not a simple pleading deficiency. Rather, it is a fundamental flaw that cannot be cured given Plaintiff's theory. Nor could it be developed factually through the course of discovery. As a matter of law, there is no manner whatsoever in which Plaintiff could prove, on a classwide basis and with common proof, that "class

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS
CASE NO.: 18-CV-2145-BEN-MDD

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

members were denied credit opportunities, incurred higher interest rates, or suffered some other kind of harm as a result of [Navy Federal's alleged] reporting." *Duarte*, 2014 WL 12561052, at *3; *see also Olsen v. Experian Info. Sols., Inc.*, 2017 WL 1046962, at *9 (N.D. Cal. Mar. 20, 2017) (each putative class member will need to prove he or she personally "was denied credit, lost credit, had his credit limits lowered, or was required to pay a higher interest rate for credit" to show "actual harm") (quoting *Young*, 2009 WL 187793, at *5).

Plaintiff recognizes the need to prove actual damages and tried, but failed to adequately allege such damages. Compl. ¶ 30. And as the CCRAA case law demonstrates, what potentially constitutes cognizable actual damages—denied credit, lost credit, credit limits lowered, required to pay a higher interest rate—can only be determined through individualized inquiries aimed at each putative class member.[2] This is the antithesis of a class action. Because it is not possible that a class can be certified in this case, "it would be a waste of the parties' resources and judicial resources to conduct discovery on class certification." *In re Walls*, 262 B.R. at 523. Accordingly, the class allegations should be stricken.

---

[2] The question whether there was an inaccuracy is also not susceptible to class treatment. As demonstrated above, that question can only be answered by looking at each individual credit report in its totality.

10

## VI. CONCLUSION

For these reasons, the Court should dismiss Plaintiff's complaint. In the event the Court does not dismiss the complaint, it should strike Plaintiff's class allegations. Because the stated defects are irremediable, the dismissal should be with prejudice.

DATED: November 19, 2018      **HUNTON ANDREWS KURTH LLP**

By: /s/ Jason J. Kim
        Jason J. Kim
        Attorneys for Defendant
        NAVY FEDERAL CREDIT UNION