| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **HYDE & SWIGART** |
| Abbas Kazerounian, Esq. (249203) | Joshua B. Swigart, Esq. (225557) |
| ak@kazlg.com | josh@westcoastlitigation.com |
| Matthew M. Loker, Esq. (279939) | 2221 Camino Del Rio South, Ste. 101 |
| ml@kazlg.com | San Diego, CA 92108 |
| Elizabeth Wagner, Esq. (317098) | Telephone: (619) 233-7770 |
| elizabeth@kazlg.com | Facsimile: (619) 297-1022 |
| 245 Fischer Avenue, Unit D1 | |
| Costa Mesa, CA 92626 | |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
danielshay@sandiegobankruptcynow.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

*Attorneys for Plaintiff*,
Kelissa Ronquillo

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELISSA RONQUILLO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No.: 18-cv-2145 BEN (MDD)<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. The California Consumer Credit Reporting Agencies Act was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.[1]

2. Plaintiff KELISSA RONQUILLO ("Plaintiff"), through Plaintiff's attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendant NAVY FEDERAL CREDIT UNION ("Defendant") in reporting erroneous negative and derogatory information on Plaintiff's credit report, as that term is defined by Cal. Civ. Code §§ 1785.3(c).

3. More specifically, Plaintiff brings this Complaint, by and through Plaintiff's attorneys, for damages arising out of the systematic issuance of erroneous credit reports by Defendant. Defendant has erroneously reported continual monthly payment obligations on accounts that have been closed and paid in full.

---

[1] Cal Civ. Code § 1785.1

4. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant occurred in California.

7. Any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a national credit union with its principal place of business in the State of Virginia.

10. Plaintiff also seeks the greater of statutory punitive damages of $5,000 per violation per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

11. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, in the State of California.

15. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

16. Defendant is a limited liability company incorporated under the laws of the State of Virginia and authorized to do business in the State of California.

17. The causes of action herein pertains to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

18. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

## FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. Furthermore, Defendant conducted business within the State of California at all times relevant.
21. At some point prior to the filing of this matter, Plaintiff resolved a number of debts owed to various furnishers.
22. One such debt was a debt owed to Defendant.
23. With regard to Plaintiff's account, 4300, Defendant is reporting to the Credit Bureaus that the account was paid in full, has a zero balance, and is closed.
24. However, Defendant also continues to report a $114.00 monthly payment.
25. Since Plaintiff's account was paid in full and closed, Plaintiff's monthly payment should be reported as $0.
26. To report these continuing monthly payment obligations is patently incorrect, misleading, and fails to comply with the Metro 2 Guidelines.
27. Furnishers utilization of the Metro 2 reporting standard correctly is crucial because the Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers formulate data to report to the credit bureaus, which ultimately leads to objective credit evaluations.
28. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should known was inaccurate.
29. By reporting inaccurate information to the credit bureaus, Defendant has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's payment obligations for a paid and/or closed.
30. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered actual damages due to Defendant's misrepresentations regarding Plaintiff's current payment obligations.

31. Furthermore, Plaintiff is not alone; Defendant has improperly and unlawfully reported that other consumers have a current monthly payment obligation when in fact the account has been paid and/or closed.

32. This inaccurate reporting will adversely affect credit decisions since credit guarantors are made aware of Plaintiff's current income during the application process.

33. By reporting continuing monthly payments as opposed to a $0 monthly payment, Defendant misrepresents Plaintiff's monthly financial obligations and gives the false impression that Plaintiff has less funds available to satisfy the new credit currently being applied for.

34. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

35. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's credit rating.

36. The continued reporting of ongoing obligations when no such obligations existed reduced Plaintiff's credit score and negatively affected Plaintiff's debt to income ratio.

37. Specifically, Defendant's reporting has damaged Plaintiff's credit worthiness causing Plaintiff humiliation, embarrassment, unnecessary anxiety, loss of sleep, and severe emotional distress.

38. Said emotional distress occurred because Plaintiff has not benefitted from paying off Plaintiff's debt.

39. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff and the putative class members.

40. Defendant received actual notice of Plaintiff's payments and documented said payments in Defendant's system of records.

41. By intentionally reporting continuing obligations following receipt of payment in full, Defendant acted in conscious disregard for Plaintiff's rights as well as the rights of the putative class members.

42. To report an ongoing monthly obligation after full payment shows that Defendant took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

## CLASS ALLEGATIONS

43. Plaintiff brings this action on Plaintiff's own behalf, and on behalf of all others similarly situated.

44. Plaintiff is among many thousands of persons in the United States who have his or her credit information compiled and reported by Defendant regarding financial obligations incurred that have been subsequently paid in full, and currently have a $0 balance owed to the original creditor.

45. Defendant has knowledge of when debts are paid in full, and when accounts are closed.

46. Despite the fact that Defendant has knowledge and notice of when accounts are paid in full and/or closed, Defendant has a deliberate policy of not accurately reporting that said debts are no longer currently still due and owing because they have been paid in full.

47. As a result of Defendant's refusal to make such updates to consumers' credit reports, debts that have been paid in full and/or closed with a $0 balance are instead listed on Class Members' credit reports as a current debt that is due.

48. These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still owes a debt. These notations therefore adversely affect a Class Member's ability to obtain credit or employment.

49. Defendant knew that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to a consumer's regular day-to-day life.

50. Defendant has chosen not to accurately report the fact that the Class Members' debts have been paid in full and/or closed with a $0 balance.

51. Defendant has adopted a systematic pattern and practice of failing and refusing to update credit information with regard to debts paid in full and/or closed with a $0 balance.

52. Plaintiff defines the Class as:
    (i) all persons with addresses within in the United States; (ii) who have account(s) with Defendant; (iii) where said account(s) was paid in full; (v) where said account(s) was closed; (vi) where said account(s) had a $0 balance; (vii) where Defendant reported a monthly payment obligation; (viii) within two years prior to the filing of the Complaint in this action.

53. Defendant and their employees or agents are excluded from the Class.

54. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

55. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

56. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to The Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a. Whether Defendant has a standard procedure of continuing to report a monthly payment obligation after an account is paid and/or closed with a $0 balance;

b. Whether such practices violate the CCCRAA;

c. Whether members of the Class are entitled to the remedies under the CCCRAA;

d. Whether members of the Class are entitled to declaratory relief;

e. Whether Defendant should be enjoined from reporting such inaccurate information;

f. Whether members of the Class are entitled to injunctive relief; and,

g. Whether Defendant can satisfy Defendant's bona fide error affirmative defense.

57. Plaintiff will fairly and adequately protect the interest of the Class.

58. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving credit reporting practices.

59. Plaintiff's claims are typical of the claims of The Class, which all arise from the same operative facts involving reporting a monthly payment obligation after an account is paid and/or closed with a $0 balance.

60. A class action is a superior method for the fair and efficient adjudication of this controversy.

61. Class-wide damages are essential to induce Defendant to comply with the federal laws alleged in the Complaint.

62. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for CCRAAA violations are minimal.

63. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

64. Plaintiff and the Class seek injunctive relief against Defendant to refrain from reporting such inaccurate information when Defendant knows or should know that the information is inaccurate.

65. Defendant has acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the Class as a whole.

66. Members of the Class are likely to unaware of their rights.

67. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and/or via publication.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CCCRAA)

### Cal. Civ. Code § 1785.1, *et seq.*

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

70. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

71. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Defendant knew or should have known that Defendant was not able to report monthly payment obligations on accounts that have been paid and/or closed and/or discharged. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

72. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Defendant knew or should have known that Defendant was required to accurately report that an account had been discharged in Bankruptcy. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

- Certifying the Classes as requested herein;
- Appointing Plaintiff's Counsel as Class Counsel;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,

- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

73. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 3, 2018                                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ MATTHEW M. LOKER
MATTHEW M. LOKER, ESQ.
ML@KAZLG.COM
ATTORNEY FOR PLAINTIFF